**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| Henry H. Pittman ) | Case No. 22-50415-SCS |
| ) | Chapter 7 |
| Debtor. ) | |

### TRUSTEE'S APPLICATION TO EMPLOY ATTORNEY

David R. Ruby, Chapter 7 trustee (the "**Trustee**") for the bankruptcy estate of Henry H. Pittman (the "**Estate**"), hereby respectfully requests the Court's authority to employ the law firm of *Thompson*McMullan, P.C. (the "**Attorney**"), in which the Trustee serves as counsel, to represent the Trustee and the Estate in this Chapter 7 case pursuant to § 327 of the United States Bankruptcy Code (the "**Code**") and Fed. R. Bankr. P. 2014. In support thereof, the Trustee respectfully represents as follows:

1. On July 5, 2022, Henry H. Pittman (the "**Debtor**") filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code.

2. During the pendency of the Debtor's Chapter 13 case, Felicia L. Pittman (*aka* Felecia Norman-Pittman ("**Ms. Pittman**"), the Debtor's then spouse (and since ex-spouse), sought relief from the automatic stay to permit divorce proceedings to proceed in Maryland state court, including division of property/equitable distribution matters. Relief from stay was granted by the Court's *Consent Order Granting Relief from Automatic Stay* (Doc. 52).

---

David R. Ruby, Esquire (VSB #22703)
Chapter 7 Trustee
*Thompson*McMullan, P.C.
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219
Telephone: (804) 698-6220
Facsimile: (804) 780-1813
Email: druby@t-mlaw.com

3. The Debtor and Ms. Pittman are titled co-owners of valuable property of the Estate – the residential real property located at 105 Larson Court, Newport News, VA 23602 (**the "Estate Property"**).

4. The Debtor and the Estate Property are subject to various Maryland state court orders, including, but not limited to, (i) that the Estate Property is to be sold and (ii) how proceeds are to be divided.

5. By the Court's *Order Upon Conversion of Chapter 13 to Chapter 7* (Doc. 103), the case was converted to a Chapter 7 case.

6. The Trustee was appointed and serves as Chapter 7 trustee in the Debtor's Chapter 7 bankruptcy case.

7. The Trustee declared the case to be an asset case and intends to liquidate the Estate Property for the benefit of the Estate.

8. By the Court's *Order Approving Employment of Real Estate Agent* (Doc. 157), the Court authorized the Trustee to employ Evelyn C. Wilby of Reliance Realty, Inc., Newport News, Virginia (the "**Agent**") to serve as the Trustee's real estate agent to sell the Estate Property.

9. The Agent needs to conduct an inspection of the Estate Property, determine a listing price, list the Estate Property for sale and show the Estate Property to area real estate agents and prospective purchasers.

10. The Agent has made a number of unsuccessful attempts to communicate with the Debtor so as to gain access to the Estate Property. Likewise, the Trustee has sought the Debtor's cooperation through the Debtor's counsel.

11. It does not appear that the Debtor intends to cooperate with the Trustee or the Agent voluntarily and as is required of a Chapter 7 debtor.

12. The Trustee believes that it is in the best interests of the Estate to employ the Attorney to represent the Trustee and the Estate in the case. Preliminarily, the Trustee believes that the following matters may require assistance of counsel: (i) compelling the Debtor to cooperate with the Trustee and the Agent in the performance of their respective duties; (ii) compelling the Debtor to turnover the Estate Property to the Trustee; (iii) seeking the Court's authority to sell the Estate Property; (iv) addressing other matters relating to the Estate Property as may be required or advisable; and (v) preparation, filing, prosecution and/or defense of such applications, motions, complaints, objections and other pleadings as shall be necessary to implement or effectuate the foregoing and related matters.

13. The Trustee believes that sufficient cause exists to employ the Attorney, in which the Trustee serves as counsel, including, but not limited to, the following: (i) the Estate is in need of legal counsel, the Estate does not possess adequate funds with which to ensure or guaranty that legal fees and related costs incurred will be paid, there will be no funds for the payment of such fees and costs absent a recovery for the Estate produced by counsel's efforts, the Attorney is willing to be employed with that understanding and the Trustee is concerned about approaching and employing other law firms without the ability to ensure or guaranty payment of fees and related costs; (ii) there will be cost-savings to the Estate as there will be no time spent by the Attorney in "getting up to speed"; (iii) there may be cost savings to the Estate as the Attorney routinely discounts its fees and reduces its fee requests when recoveries are limited and/or when doing so will provide general unsecured creditors with a meaningful distribution or a substantially greater percentage distribution; and (iv) the hourly rates charged by the Attorney are equivalent to, if not lower than, the hourly rates charged by qualified attorneys in other law firms with the same experience and expertise in matters upon which the Trustee may be required to call during the pendency of this Chapter 7 case.

14. The complete name, address and telephone number for the Attorney are as follows:

| | |
|---|---|
| *Thompson*McMullan, P.C. | Telephone: (804) 698-6220 |
| 100 Shockoe Slip, Third Floor | Facsimile: (804) 780-1813 |
| Richmond, Virginia 23219 | Email: druby@t-mlaw.com |
|    Attn: David R. Ruby, Esquire | |

15. Subject to the Court's approval, the Trustee has agreed to employ the Attorney, and the Attorney has agreed to accept such employment, at the Attorney's standard hourly rates (subject to adjustment on an annual basis). The Attorney's current hourly rates are set forth below:

| | |
|---|---|
| Shareholders, Directors & Counsel: | $375.00 - $600.00 per hour |
| Associates: | $300.00 - 350.00 per hour |
| Legal Assistants and Law Clerks: | $175.00 per hour |

The Attorney also is to be reimbursed for disbursements and other out-of-pocket expenses incurred by the Attorney during the employment.

16. At the present time, it is anticipated that David R. Ruby, Esquire ($550.00 per hour) will render most of the services to be rendered. However, the services of other professionals employed by the Attorney, including associates and legal assistants, will be utilized as necessary.

17. To the best of the Trustee's knowledge and except as disclosed within the Declaration attached to this Application, the Attorney has no connection with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee or any person employed in the Office of the United States Trustee. Further, the Trustee believes that the Attorney holds or represents no interest adverse to the Estate. Accordingly, the Attorney qualifies as a "disinterested person" as contemplated under § 101(14) of the Code.

18. The Declaration of David R. Ruby, on behalf of the Attorney, is attached hereto as **Exhibit "A"**.

19. The Trustee and the Attorney understand that the Attorney may be compensated only for legal and professional services rendered and not for the performance of the Trustee's duties that generally are performed by a trustee without the assistance of an attorney. In such regard, the Trustee and the Attorney shall keep separate time and service records. The Trustee and the Attorney further understand that the employment of the Attorney, the payment of fees and reimbursement of expenses are subject to various provisions of the Code, Federal Rules of Bankruptcy Procedure, Local Rules, future court rulings and "Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses" issued by the Office of the United States Trustee.

20. The Application, together with exhibits, are being served on all parties entitled to notice, namely: (i) the United States Trustee; (ii) the Debtor and (iii) Debtor's counsel. Requisite notice of the time-period within which responses may be filed accompanies the Application. If a hearing should be requested or required, the date, time and location of the hearing will be provided separately.

WHEREFORE, the Trustee respectfully requests the Court (i) to authorize the employment of the law firm of *Thompson*McMullan, P.C. as attorney for the Trustee and the Estate pursuant to the terms set forth above effective September 15, 2025; (ii) to enter an Order in substantially the form of proposed Order attached hereto as **Exhibit "B"** and (iii) to grant such further and additional relief as the Court shall deem just and proper.

Respectfully submitted,

    /s/ *David R. Ruby*
David R. Ruby, Chapter 7 Trustee

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 16th day of September, 2025, a true and accurate copy of the foregoing Application, together with attached exhibits, was served by first class U.S. Mail (postage prepaid), via the Electronic Case Filing (ECF) system or by e-mail, as appropriate and as indicated, on the following parties plus those receiving service by ECF:

Nicholas S. Herron, Esquire*  
Office of the U.S. Trustee  
Room 625, Federal Building  
200 Granby Street  
Norfolk, VA 23510  
[nicholas.s.herron@usdoj.gov]  
[USTPRegion04.NO.ECF@usdoj.gov]  

David R. Ruby, Esquire*  
*Thompson*McMullan, P. C.  
100 Shockoe Slip, Third Floor  
Richmond, Virginia 23219  
[Trustee]

Carolyn Anne Bedi, Esquire*  
Bedi Legal, P.C.  
1305 Executive Blvd., Suite 110  
Chesapeake, VA 23320  
[Debtor's counsel]

Henry Harold Pittman  
105 Larson Court  
Newport News, VA 23602  
[Debtor]

                              /s/ *David R. Ruby*  
                              David R. Ruby

[* Indicates service by ECF or e-mail. All others served by First Class U.S. Mail, postage prepaid.]