**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| Henry H. Pittman ) | Case No. 22-50415-SCS |
| ) | Chapter 7 |
| Debtor. ) | |

| | |
|---|---|
| SELENE FINANCE LP, U.S. BANK ) | |
| TRUST NATIONAL ASSOCIATION, NOT ) | |
| IN ITS INDIVIDUAL CAPACITY BUT ) | |
| SOLELY AS OWNER TRUSTEE FOR ) | |
| RCAF ACQUISITION TRUST ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | |
| ) | |
| Henry H. Pittman, Felicia L. Pittman ) | |
| and David R. Ruby, Trustee ) | |
| ) | |
| Respondents. ) | |

**TRUSTEE'S OBJECTION TO MOTION FOR RELIEF**

David R. Ruby, Chapter 7 trustee (the "**Trustee**") for the bankruptcy estate of Henry H. Pittman (the "**Estate**"), by counsel, respectfully submits the following objection to the *Motion Seeking Relief from Stay and Notice of Hearing Thereon (105 Larson Court, Newport News, Virginia 23602)* (Doc. 160) (the "**Motion**") filed by Selene Finance LP, U.S. Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For RCAF Acquisition Trust (the "**Movant**") with respect to the residential real property located at 105 Larson Court, Newport News, VA 23602 (the "**Estate Property**"):

Counsel for Chapter 7 Trustee
David R. Ruby, Esquire (VSB No. 22703)
*Thompson*McMullan, P.C.
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219
Telephone: (804) 698-6220
Facsimile: (804) 780-1813
Email: druby@t-mlaw.com

1.     On July 5, 2022, Henry H. Pittman (the "**Debtor**") filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code.  By the Court's *Order Upon Conversion of Chapter 13 to Chapter 7* (Doc. 103), the case was converted to a Chapter 7 case.

2.     The Trustee was appointed and serves as Chapter 7 trustee in the case.

3.     The initial § 341 meeting was scheduled for and conducted on January 3, 2024. The meeting was adjourned to February 5, 2024, and readjourned to February 26, 2024 and then to March 20, 2024.  The meeting was concluded on March 20, 2024.

4.     The principal purpose of the adjournments was to provide the Trustee with an opportunity to obtain and review documentation and information regarding ongoing divorce and equitable distribution proceedings in Maryland and to determine their impact on the Estate, the Estate Property and the bankruptcy case.

5.     The Trustee declared the case to be an asset case on April 3, 2024 based upon the substantial equity in the Estate Property.

6.     In the Motion, the Movant advises as follows: (i) that the Estate Property is assessed at $356,300 and (ii) that the balance due on its secured claim against the Estate Property was approximately $130,672.52 as of October 20, 2025.

7.     In the Motion, the Movant admits that the Estate Property possesses equity in excess of $225,000.00 ($356,300 less $130,672.52 = $225,627.48).

8.     Based upon the foregoing alone, the Movant's interest in the Estate Property is adequately protected, and no cause exists to grant the Movant relief from the automatic stay with respect to the Estate Property.

9. By the Court's *Order Approving Employment of Real Estate Agent* (Doc. 157), the Trustee was authorized to employ Evelyn C. Wilby of Reliance Realty, Inc. in Newport News, Virginia (the "**Agent**") to list and market the Estate Property for sale for the benefit of the Estate. Sale of the Estate Property will allow for payment of the Movant's secured claim against the Estate Property in full at closing and allow for a meaningful distribution to unsecured creditors.

10. The Debtor has failed to cooperate with the Trustee and the Agent, which has hindered and delayed their efforts. Absent the Debtor's immediate cooperation, including, but not limited to, providing the Agent with access to the Estate Property to conduct an inspection and further providing the Agent with access to the Estate Property to allow the Estate Property to be shown to prospective purchasers, the Trustee will have no choice but to seek turnover of the Estate Property, to seek to dispossess the Debtor from the Estate Property and to seek damages against the Debtor.

WHEREFORE, the Trustee respectfully requests the Court (i) to deny the relief requested by the Movant and dismiss the Motion; (ii) to allow the Trustee to administer the Estate Property for the benefit of the Estate; and (iii) to grant such other and further relief as the Court shall deem just and proper.

Respectfully submitted,

David R. Ruby, Chapter 7 Trustee

By:     /s/ *David R. Ruby*
        Counsel

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of November, 2025, a true and accurate copy of the foregoing Objection was served by first class U.S. Mail (postage prepaid), via e-mail or via the Electronic Case Filing (ECF) system, as appropriate and as indicated, on the following parties:

Nicholas S. Herron, Esquire*
Office of the U.S. Trustee
Room 625, Federal Building
200 Granby Street
Norfolk, Virginia 23510
[nicholas.s.herron@usdoj.gov]
[USTPRegion04.NO.ECF@usdoj.gov]

David R. Ruby, Esquire*
*Thompson*McMullan, P.C.
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219
[Trustee]

Carolyn Anne Bedi, Esquire*
Bedi Legal, P.C.
1305 Executive Blvd., Suite 110
Chesapeake, VA 23320
[Debtor's counsel]

Henry Harold Pittman
105 Larson Court
Newport News, VA 23602
[Debtor]

Tata-Annie Latoya King, Esquire*
Robertson, Anschutz, Schneid, Crane & Partners, PLLC
11350 McCormick Road, EP 1, Suite 302
Hunt Valley, MD 21031
[Movant's counsel]

Daniel M. Press, Esquire*
Chung & Press, P.C.
6718 Whittier Ave. #200
McLean, VA 22101
[Counsel for Felicia L. Pittman]

                                                                /s/ *David R. Ruby*
                                                                David R. Ruby

[* Indicates service by ECF or e-mail. All others served by first class U.S. Mail, postage prepaid.]