**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| Henry H. Pittman ) | Case No. 22-50415-SCS |
| ) | Chapter 7 |
| Debtor. ) | |

_____

| | |
|---|---|
| SELENE FINANCE LP, U.S. BANK TRUST ) | |
| NATIONAL ASSOCIATION, NOT IN ITS ) | |
| INDIVIDUAL CAPACITY BUT SOLELY ) | |
| AS OWNER TRUSTEE FOR RCAF ) | |
| ACQUISITION TRUST ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | |
| ) | |
| Henry H. Pittman, Felicia L. Pittman ) | |
| and David R. Ruby, Trustee ) | |
| ) | |
| Respondents. ) | |

**CONSENT ORDER RESOLVING MOTION FOR RELIEF FROM STAY**

This matter comes before the Court on the MOTION SEEKING RELIEF FROM STAY
AND NOTICE OF HEARING THEREON (105 LARSON COURT, NEWPORT NEWS,
VIRGINIA 23602) (Doc. 160) (the "**Motion**") filed by SELENE FINANCE LP, U.S. BANK
TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY
AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST ("**Selene**") and TRUSTEE'S
OBJECTION TO MOTION FOR RELIEF (Doc. 163) (the "**Objection**") filed by David R. Ruby,
Chapter 7 trustee (the "**Trustee**") for the bankruptcy estate of Henry H. Pittman (the "**Debtor**").

Counsel for Chapter 7 Trustee
David R. Ruby, Esquire (VSB No. 22703)
*Thompson*McMullan, P.C.
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219
Telephone: (804) 698-6220
Facsimile: (804) 780-1813
Email: druby@t-mlaw.com

In the Motion, Selene seeks relief from the automatic stay (and co-debtor stay, which does not apply in Chapter 7 bankruptcy cases) with respect to certain real property located at 105 Larson Court, Newport News, VA 23602 (the "**Property**") and more particularly described as follows:

> All that certain lot, piece or parcel of land situate, lying and being in the City of Newport News, Virginia, known and designated as Lot Numbered ELEVEN (11), as shown on that certain plat entitled, "DEER RUN, SECTION TWO, CITY OF NEWPORT NEWS, VIRGINIA", dated February 24, 1992, made by Coenen & Associates, Inc., Engineers-Planners-Surveyors, and duly recorded in the Clerk's Office of the Circuit Court for the City of Newport News, Virginia, in Deed Book, 1276, page 1168, to which reference is here made.

> Subject, however, to any and all restrictions, easements, rights of way, agreements and conditions of record affecting said property.

Notice was provided to all required and applicable parties, including the Debtor and Debtor's counsel, of the Motion, the Objection and scheduled hearings. The Court conducted a preliminary hearing on November 21, 2025 and a final hearing on January 30, 2026 (the "**Final Hearing**").

Tata-Annie Latoya King, Esquire appeared and participated in the Final Hearing on Selene's behalf. David R. Ruby, Esquire appeared and participated in the Final Hearing on the Trustee's behalf.

At the Final Hearing, Selene and the Trustee reached a resolution. The resolution is embodied in this Order. The Debtor consents to the resolution as evidenced by counsel's signature.

UPON the resolution reached among the parties,

FOR THE REASONS STATED AT THE FINAL HEARING AND

UPON DUE CONSIDERATION AND FOR GOOD CAUSE SHOWN,

THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1.    All appropriate parties have been served with the Motion, notice of scheduled hearings and notice of the time within which objections and responses may be filed, pursuant to applicable provisions of the United States Bankruptcy Code and federal and local bankruptcy rules.  Notice is deemed sufficient, and no further notice is required.

2.    Selene holds a first deed of trust lien against the Property (the "**Deed of Trust Lien**").

3.    Selene is hereby granted relief from stay as to the Debtor.

4.    As no co-debtor stay applies in Chapter 7 bankruptcy cases, the Motion is hereby dismissed as to Felicia L. Pittman.

5.    The Trustee shall be entitled to market the Property for sale and sell the Property, subject to Court-approval, and the Trustee's being able to satisfy the Deed of Trust Lien in full at closing.

6.    The Debtor shall cooperate with the Trustee and the Trustee's real estate agent in the performance of their respective duties in this case, including, but not limited to, in connection with the marketing and sale of the Property.  In such regard, the Trustee's agent shall be entitled to access the Property, and the Debtor shall provide the Trustee's agent with keys to the Property for access purposes.

7.    In connection with the Trustee's sale of the Property, Selene shall provide to the Trustee a detailed payoff statement with instructions for payment (the "**Payoff Statement**") within five (5) business days of the Trustee's request therefor issued to Selene's counsel.  Upon receipt of the Payoff Statement, the Trustee shall be afforded a reasonable opportunity to challenge the Payoff Statement should the Trustee believe the Payoff Statement is overstated or otherwise incorrect.

8.    In the event closing on the sale of the Property at which the Deed of Trust Lien is satisfied in full does not take place within one hundred eighty (180) days of the entry of this Order (the "**Marketing Period**"), the automatic stay shall be automatically lifted with respect to the Property as to Selene without any further proceeding, action or order of this Court, and Selene shall be allowed to enforce the Deed of Trust Lien and to exercise all other rights and remedies to which Selene is entitled by state law and the terms of the Note and Deed of Trust.

9.    The Trustee shall have the right to continue to market and sell the Property even after the automatic stay has been lifted until fifteen (15) days prior to the date of any scheduled and noticed foreclosure sale.

10.    Notwithstanding the foregoing, (i) Selene may grant extensions of the Marketing Period without further Court Order and (ii) the Trustee may file with the Court one or more extension motions at any point prior to the expiration of the Marketing Period or other extension period, leaving the automatic stay in place and this Order subject to further modification by the Court.

11.    Selene shall promptly notify the Trustee in writing of the results of any foreclosure sale and, to the extent of excess/surplus funds from a foreclosure sale, Selene shall pay to the Trustee any such excess/surplus funds received from such foreclosure sale.

12.    At any time, the Trustee may file a Notice of Abandonment upon which the automatic stay shall be automatically lifted with respect to the Property as to Selene without any further proceeding, action or order of this Court, and Selene shall be allowed to enforce the Deed of Trust Lien, and to exercise all other rights and remedies to which Selene is entitled by state law and the terms of the Note and Deed of Trust.

13. The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order, including, but not limited to, the implementation or interpretation of this Order.

Date: Feb 13 2026

/s/ Stephen C St-John

Frank J. Santoro, Judge
United States Bankruptcy Court
   for the Eastern District of Virginia

Entered on Docket: Feb 13 2026

**WE ASK FOR THIS:**

David R. Ruby, Chapter 7 Trustee

By: _____ /s/ *David R. Ruby* _____
            Counsel

David R. Ruby, Esquire (VSB No. 22703)
*Thompson*McMullan, P.C.
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219
Telephone: (804) 698-6220
Facsimile: (804) 780-1813
Email: druby@t-mlaw.com

*Counsel for Trustee*

**SEEN AND AGREED:**

Selene Finance LP, U.S. Bank Trust National Association, Not In Its Individual Capacity But
Solely As Owner Trustee For RCAF Acquisition Trust

By: _____ /s/ *Tata-Annie Latoya King* _____      (permission to affix electronic signature granted by email 02-12-26)
        Counsel

Tata-Annie Latoya King, Esquire (VSB No. 100892)
Robertson, Anschutz, Schneid, Crane & Partners, PLLC
11350 McCormick Road, EP 1, Suite 302
Hunt Valley, MD 21031
Phone: 561-241-6901, ext. 52327
Email: taking@raslg.com

*Counsel for Movant*

**SEEN AND AGREED:**

Henry H. Pittman

By: _____ /s/ Carolyn A. Bedi _____      (permission to affix electronic signature granted by email 02-12-26)
        Counsel

Carolyn Anne Bedi, Esquire (VSB No. 90545)
Bedi Legal, P.C.
1305 Executive Blvd., Suite 110
Chesapeake, VA 23320
Telephone: 757-222-5842
Telefax: 757-671-1682
Email: Carolyn@bedilegal.com
[Debtor's counsel]

*Counsel for Debtor*

## Certificate of Compliance with Local Rule 9022-1

       Pursuant to Local Rule 9022-1(C), I hereby certify that the proposed Order has been served
on and/or signed by all necessary parties.

                        _____ /s/ *David R. Ruby* _____
                          David R. Ruby

## PARTIES TO RECEIVE COPIES

Nicholas S. Herron, Esquire
Office of the U.S. Trustee
Room 625, Federal Building
200 Granby Street
Norfolk, Virginia 23510

David R. Ruby, Esquire
*Thompson*McMullan, P.C.
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219

Tata-Annie Latoya King, Esquire
Robertson, Anschutz, Schneid, Crane & Partners, PLLC
11350 McCormick Road, EP 1, Suite 302
Hunt Valley, MD 21031

Carolyn Anne Bedi, Esquire
Bedi Legal, P.C.
1305 Executive Blvd., Suite 110
Chesapeake, VA 23320

Henry Harold Pittman
105 Larson Court
Newport News, VA 23602

Felicia L. Pittman
105 Larson Court
Newport News, VA 23602