**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Henry H. Pittman | ) | Case No. 22-50415-SCS |
| | ) | Chapter 7 |
| Debtor. | ) | |

| | |
|---|---|
| SELENE FINANCE LP, U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST | ) ) ) ) ) ) |
| Movant, | ) ) |
| v. | ) ) |
| Henry H. Pittman, Felicia L. Pittman and David R. Ruby, Trustee | ) ) ) |
| Respondents. | ) |

**CONSENT ORDER RESOLVING MOTION FOR RELIEF FROM STAY**

This matter comes before the Court on the MOTION SEEKING RELIEF FROM STAY AND NOTICE OF HEARING THEREON (105 LARSON COURT, NEWPORT NEWS, VIRGINIA 23602) (Doc. 160) (the "**Motion**") filed by SELENE FINANCE LP, U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST ("**Selene**") and TRUSTEE'S OBJECTION TO MOTION FOR RELIEF (Doc. 163) (the "**Objection**") filed by David R. Ruby, Chapter 7 trustee (the "**Trustee**") for the bankruptcy estate of Henry H. Pittman (the "**Debtor**").

Counsel for Chapter 7 Trustee
David R. Ruby, Esquire (VSB No. 22703)
*Thompson*McMullan, P.C.
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219
Telephone: (804) 698-6220
Facsimile: (804) 780-1813
Email: druby@t-mlaw.com

In the Motion, Selene seeks relief from the automatic stay (and co-debtor stay, which does not apply in Chapter 7 bankruptcy cases) with respect to certain real property located at 105 Larson Court, Newport News, VA 23602 (the "**Property**") and more particularly described as follows:

> All that certain lot, piece or parcel of land situate, lying and being in the City of Newport News, Virginia, known and designated as Lot Numbered ELEVEN (11), as shown on that certain plat entitled, "DEER RUN, SECTION TWO, CITY OF NEWPORT NEWS, VIRGINIA", dated February 24, 1992, made by Coenen & Associates, Inc., Engineers-Planners-Surveyors, and duly recorded in the Clerk's Office of the Circuit Court for the City of Newport News, Virginia, in Deed Book, 1276, page 1168, to which reference is here made.
>
> Subject, however, to any and all restrictions, easements, rights of way, agreements and conditions of record affecting said property.

Notice was provided to all required and applicable parties, including the Debtor and Debtor's counsel, of the Motion, the Objection and scheduled hearings. The Court conducted a preliminary hearing on November 21, 2025 and a final hearing on January 30, 2026 (the "**Final Hearing**").

Tata-Annie Latoya King, Esquire appeared and participated in the Final Hearing on Selene's behalf. David R. Ruby, Esquire appeared and participated in the Final Hearing on the Trustee's behalf.

At the Final Hearing, Selene and the Trustee reached a resolution. The resolution is embodied in this Order. The Debtor consents to the resolution as evidenced by counsel's signature.

UPON the resolution reached among the parties,

FOR THE REASONS STATED AT THE FINAL HEARING AND

UPON DUE CONSIDERATION AND FOR GOOD CAUSE SHOWN,

THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1. All appropriate parties have been served with the Motion, notice of scheduled hearings and notice of the time within which objections and responses may be filed, pursuant to applicable provisions of the United States Bankruptcy Code and federal and local bankruptcy rules. Notice is deemed sufficient, and no further notice is required.

2. Selene holds a first deed of trust lien against the Property (the "**Deed of Trust Lien**").

3. Selene is hereby granted relief from stay as to the Debtor.

4. As no co-debtor stay applies in Chapter 7 bankruptcy cases, the Motion is hereby dismissed as to Felicia L. Pittman.

5. The Trustee shall be entitled to market the Property for sale and sell the Property, subject to Court-approval, and the Trustee's being able to satisfy the Deed of Trust Lien in full at closing.

6. The Debtor shall cooperate with the Trustee and the Trustee's real estate agent in the performance of their respective duties in this case, including, but not limited to, in connection with the marketing and sale of the Property. In such regard, the Trustee's agent shall be entitled to access the Property, and the Debtor shall provide the Trustee's agent with keys to the Property for access purposes.

7. In connection with the Trustee's sale of the Property, Selene shall provide to the Trustee a detailed payoff statement with instructions for payment (the "**Payoff Statement**") within five (5) business days of the Trustee's request therefor issued to Selene's counsel. Upon receipt of the Payoff Statement, the Trustee shall be afforded a reasonable opportunity to challenge the Payoff Statement should the Trustee believe the Payoff Statement is overstated or otherwise incorrect.

8. In the event closing on the sale of the Property at which the Deed of Trust Lien is satisfied in full does not take place within one hundred eighty (180) days of the entry of this Order (the "**Marketing Period**"), the automatic stay shall be automatically lifted with respect to the Property as to Selene without any further proceeding, action or order of this Court, and Selene shall be allowed to enforce the Deed of Trust Lien and to exercise all other rights and remedies to which Selene is entitled by state law and the terms of the Note and Deed of Trust.

9. The Trustee shall have the right to continue to market and sell the Property even after the automatic stay has been lifted until fifteen (15) days prior to the date of any scheduled and noticed foreclosure sale.

10. Notwithstanding the foregoing, (i) Selene may grant extensions of the Marketing Period without further Court Order and (ii) the Trustee may file with the Court one or more extension motions at any point prior to the expiration of the Marketing Period or other extension period, leaving the automatic stay in place and this Order subject to further modification by the Court.

11. Selene shall promptly notify the Trustee in writing of the results of any foreclosure sale and, to the extent of excess/surplus funds from a foreclosure sale, Selene shall pay to the Trustee any such excess/surplus funds received from such foreclosure sale.

12. At any time, the Trustee may file a Notice of Abandonment upon which the automatic stay shall be automatically lifted with respect to the Property as to Selene without any further proceeding, action or order of this Court, and Selene shall be allowed to enforce the Deed of Trust Lien, and to exercise all other rights and remedies to which Selene is entitled by state law and the terms of the Note and Deed of Trust.

13. The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order, including, but not limited to, the implementation or interpretation of this Order.

Date: Feb 13 2026

/s/ Stephen C St-John

Frank J. Santoro, Judge
United States Bankruptcy Court
  for the Eastern District of Virginia

Entered on Docket: Feb 13 2026

**WE ASK FOR THIS:**

David R. Ruby, Chapter 7 Trustee

By:     /s/ *David R. Ruby*
        Counsel

David R. Ruby, Esquire (VSB No. 22703)
*Thompson*McMullan, P.C.
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219
Telephone: (804) 698-6220
Facsimile: (804) 780-1813
Email: druby@t-mlaw.com

*Counsel for Trustee*

5

**SEEN AND AGREED:**

Selene Finance LP, U.S. Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For RCAF Acquisition Trust

By: _____/s/ *Tata-Annie Latoya King*_____        (permission to affix electronic signature granted by email 02-12-26)
           Counsel

Tata-Annie Latoya King, Esquire (VSB No. 100892)
Robertson, Anschutz, Schneid, Crane & Partners, PLLC
11350 McCormick Road, EP 1, Suite 302
Hunt Valley, MD 21031
Phone: 561-241-6901, ext. 52327
Email: taking@raslg.com

*Counsel for Movant*


**SEEN AND AGREED:**

Henry H. Pittman

By: _____/s/ Carolyn A. Bedi_____        (permission to affix electronic signature granted by email 02-12-26)
           Counsel

Carolyn Anne Bedi, Esquire (VSB No. 90545)
Bedi Legal, P.C.
1305 Executive Blvd., Suite 110
Chesapeake, VA 23320
Telephone: 757-222-5842
Telefax: 757-671-1682
Email: Carolyn@bedilegal.com
[Debtor's counsel]

*Counsel for Debtor*


**Certificate of Compliance with Local Rule 9022-1**

Pursuant to Local Rule 9022-1(C), I hereby certify that the proposed Order has been served on and/or signed by all necessary parties.

                                                    _____/s/ *David R. Ruby*_____
                                                         David R. Ruby

**PARTIES TO RECEIVE COPIES**

Nicholas S. Herron, Esquire
Office of the U.S. Trustee
Room 625, Federal Building
200 Granby Street
Norfolk, Virginia 23510

David R. Ruby, Esquire
*Thompson*McMullan, P.C.
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219

Tata-Annie Latoya King, Esquire
Robertson, Anschutz, Schneid, Crane & Partners, PLLC
11350 McCormick Road, EP 1, Suite 302
Hunt Valley, MD 21031

Carolyn Anne Bedi, Esquire
Bedi Legal, P.C.
1305 Executive Blvd., Suite 110
Chesapeake, VA 23320

Henry Harold Pittman
105 Larson Court
Newport News, VA 23602

Felicia L. Pittman
105 Larson Court
Newport News, VA 23602

United States Bankruptcy Court

Eastern District of Virginia

In re:  Case No. 22-50415-SCS

Henry Harold Pittman  Chapter 7

    Debtor

# CERTIFICATE OF NOTICE

District/off: 0422-6  User: TatianaLa  Page 1 of 2

Date Rcvd: Feb 13, 2026  Form ID: pdford1  Total Noticed: 2

The following symbols are used throughout this certificate:
**Symbol     Definition**

\+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 15, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Henry Harold Pittman, 105 Larson Court, Newport News, VA 23602-4964 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| smg | + | Email/Text: ustpregion04.no.ecf@usdoj.gov | Feb 14 2026 00:42:00 | UST smg Newport News, Office of the U. S. Trustee, 200 Granby Street Room 625, Norfolk, VA 23510-1814 |

TOTAL: 1

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| mvnt | | Felecia L. Norman-Pittman |

TOTAL: 1 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Feb 15, 2026      Signature:      /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 13, 2026 at the address(es) listed below:

**Name**      **Email Address**

Anastasia P. Kezman

     on behalf of Creditor Navy Federal Credit Union anastasiak9@icloud.com

Carl A. Eason

     on behalf of Creditor Ford Motor Credit Company  LLC bankruptcy@wolriv.com

| | | |
|---|---|---|
| District/off: 0422-6 | User: TatianaLa | Page 2 of 2 |
| Date Rcvd: Feb 13, 2026 | Form ID: pdford1 | Total Noticed: 2 |

Carolyn Anne Bedi
    on behalf of Debtor Henry Harold Pittman Carolyn@bedilegal.com  maggie@bedilegal.com;bedicr72660@notify.bestcase.com

Daniel M. Press
    on behalf of Movant Felecia L. Norman-Pittman dpress@chung-press.com  pressdm@gmail.com;danpress@recap.email

David R. Ruby
    on behalf of Trustee David R. Ruby druby@t-mlaw.com
    mclaiborne@t-mlaw.com;druby@iq7technology.com;ecf.alert+Ruby@titlexi.com

David R. Ruby
    druby@t-mlaw.com  mclaiborne@t-mlaw.com;druby@iq7technology.com;ecf.alert+Ruby@titlexi.com

Francisco J. Cardona
    on behalf of Creditor U.S. Bank Trust National Association fcardona@raslg.com

John Ansell, III
    on behalf of Creditor Pentagon Federal Credit Union ANHSOrlans@InfoEx.com  John@johnansell-law.com

Joseph Romano
    on behalf of Creditor Legacy Mortgage Asset Trust 2020-GS4 c/o Select Portfolio Servicing  Inc. joseph.romano@bww-law.com,
    bankruptcy@bww-law.com

Keith M. Yacko
    on behalf of Creditor Legacy Mortgage Asset Trust keiyacko@raslg.com
    ecfnotifications@mtglaw.com;kyacko@mtglaw.com;keiyacko@raslg.com

Keith M. Yacko
    on behalf of Creditor Legacy Mortgage Asset Trust 2020-GS4 keiyacko@raslg.com
    ecfnotifications@mtglaw.com;kyacko@mtglaw.com;keiyacko@raslg.com

Mark David Meyer
    on behalf of Creditor Wilmington Trust  National Association, not in its individual capacity, but solely as trustee for MFRA Trust
    2015-1 bankruptcy@rosenberg-assoc.com

Matthew W. Cheney
    ustpregion04.no.ecf@usdoj.gov

Stuart Alan Schwager
    on behalf of Creditor Kingsview Village Homeowners Association saschwager@lerchearly.com  lmsummers@lerchearly.com

Tata-Annie L King
    on behalf of Creditor U.S. BANK TRUST NATIONAL ASSOCIATION  NOT IN ITS INDIVIDUAL CAPACITY BUT
    SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST taking@raslg.com

TOTAL: 15