**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Henry H. Pittman | ) | Case No. 22-50415-SCS |
| | ) | Chapter 7 |
| Debtor. | ) | |

**TRUSTEE'S MOTION TO SELL ESTATE PROPERTY FREE AND CLEAR OF LIENS,**
**TO PAY COMMISSIONS AND SALE-RELATED EXPENSES**
**AND FOR RELATED AND ANCILLARY RELIEF**
**AND MEMORANDUM OF POINTS AND AUTHORITIES**

David R. Ruby, Chapter 7 trustee (the "**Trustee**") for the bankruptcy estate of Henry H. Pittman (the "**Estate**"), by counsel, respectfully requests the Court (i) for authority to sell certain property of the Estate free and clear of all liens, interests and encumbrances, namely the residential real property located at 105 Larson Court, Newport News, VA 23602, together with personal property and fixtures located on or at the property (collectively, the "**Newport News Property**"); (ii) for authority to pay real estate commissions and other normal and customary sale-related expenses and closing costs; and (iii) for related and ancillary relief.

This Motion is filed pursuant to §§ 105(a) and 363(b)(1), (f) and (m) of the United States Bankruptcy Code (the "**Code**"), Fed. R. Bankr. P. 2002(a)(2), (c)(1) and (k), 6004(a), (c) and (h) and 9014 and Local Rules 2002-1, 2016-2, 6004-1 and -2 and 9013-1 and also pursuant to § 330 of the Code, Fed. R. Bankr. P. 2002(a)(6) and (c)(2) and 2016 and Local Rule 2016-1(A).

Counsel for Chapter 7 Trustee
David R. Ruby, Esquire (VSB No. 22703)
*Thompson*McMullan, P.C.
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219
Telephone: (804) 698-6220
Facsimile: (804) 780-1813
Email: druby@t-mlaw.com

In support of thereof, the Trustee respectfully represents as follows:

**Background and Introduction**

1. On July 5, 2022 (the "**Petition Date**"), Henry H. Pittman (the "**Debtor**") filed a voluntary petition under Chapter 13 of the Code.

2. By the Court's *Order Upon Conversion of Chapter 13 to Chapter 7* (Doc. 103), the case was converted to a Chapter 7 case.

3. The Trustee was appointed and serves as Chapter 7 trustee in the Debtor's Chapter 7 bankruptcy case.

4. The Trustee declared the case to be an asset case to liquidate the Newport News Property -- valuable property of the Estate -- for the benefit of the Estate.

5. The Debtor and Felicia L. Pittman (*aka* Felecia Norman-Pittman) ("**Ms. Pittman**"), the Debtor's ex-spouse, are titled co-owners of the Newport News Property. The legal description of the Newport News Property is attached hereto as **Exhibit "A"**.

**Divorce/Property Division/Equitable Distribution Proceedings**

6. During the pendency of the Debtor's Chapter 13 case, Ms. Pittman sought relief from the automatic stay to permit divorce, property division and equitable distribution proceedings to proceed in Maryland state court -- the Circuit Court for Montgomery County, Maryland (the "**Maryland Divorce Court**"). Relief from stay was granted by the Court's *Consent Order Granting Relief from Automatic Stay* (Doc. 52) (the "**Divorce Relief from Stay Order**").

7. The Debtor and Ms. Pittman are subject to various state court orders entered by the Maryland Divorce Court, including, but not limited to, orders (i) directing the Newport News Property to be sold; and (ii) directing how net proceeds are to be divided. Of particular note are

(i) *Supplemental Order* entered May 17, 2024 (the "**Supplemental Order**")[1]; (ii) *Order* entered January 13, 2025 (the "**Amended Supplemental Order**")[1] and (iii) (post-petition) contempt judgment contained in the Order entered January 10, 2025 in the amount of $10,500.00 against the Debtor and in favor of Ms. Pittman (the "**Contempt Judgment**").  Copies of the Supplemental Order, the Amended Supplemental Order and the Contempt Judgment are attached hereto as **Exhibit "B"**.

8.      The Supplemental Order provides, in part, that the Newport News Property is to be sold with net proceeds split/allocated 50-50 between the Debtor and Ms. Pittman.[2]

9.      Thereafter, the split/allocations are to be adjusted as follows: (i) a $49,435.85 monetary award payable to the Debtor as his share of the value of residential real property located at 24 Rockingham Court, Germantown, MD; and (ii) a $1,312.50 attorney's fee award payable to Ms. Pittman.

10.      The Supplemental Order references a Petition for Contempt filed by Ms. Pittman against the Debtor and contemplates an additional payment to Ms. Pittman from net sale proceeds.  The Petition for Contempt resulted in the Contempt Judgment which will provide an additional $10,500.00 payment to Ms. Pittman.

---

[1] Unbeknownst to the Trustee, without the Trustee's knowledge or consent and without the Trustee being served formally or informally, Ms. Pittman sought to have the Trustee appointed as a trustee under Maryland law and under the authority of the Maryland Divorce Court to sell the Newport News Property and divide proceeds.  That appointment is included in the Supplemental Order.  After the Trustee protested and reminded the parties of the Trustee's authority and responsibilities as the representative of the Estate, Ms. Pittman sought to have the Trustee removed as trustee under Maryland law and under the authority of the Maryland Divorce Court.  The Trustee was so removed as reflected in the Amended Supplemental Order.

[2] In calculating net proceeds pursuant to the Supplemental Order, the Trustee's "reasonable attorney fees incurred by the Trustee in relation to the sale" are to be included.  While the Trustee believes actual, reasonable attorney fees to be incurred by the Trustee in relation to the sale will exceed $5,000, the Trustee has agreed to cap the attorney fees component for purposes of calculating net proceeds at $5,000 provided that all matters relating to sale and split/allocation of net proceeds are determined prior to closing.  Payment of attorney fees shall be subject to future fee application, applicable bankruptcy law and further Order of this Court.

**Marketing/Sale Efforts**

11.     By the Court's *Order Approving Employment of Real Estate Agent* (Doc. 157) (the "**Employment Order**"), the Court authorized the Trustee's employment of Evelyn C. Wilby of Reliance Realty, Inc. (the "**Agent**") to serve as his real estate agent to list, market and sell the Newport News Property.

12.     The Newport News Property is subject to a first deed of trust lien (the "**Deed of Trust Lien**") held by Selene Finance LP, U.S. Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For RCAF Acquisition Trust ("**Selene**").  As of June 12, 2026, payoff on the Deed of Trust Lien totaled $163,249.34.  The Trustee estimates the ultimate payoff on the Deed of Trust Lien against the Newport News Property to be in the $165,000-range (the "**Estimated Deed of Trust Payoff**").

13.     Selene filed a *Motion Seeking Relief from Stay and Notice of Hearing Thereon (105 Larson Court, Newport News, Virginia 23602)* (Doc. 160) (the "**Motion for Relief**") to which the Trustee objected pursuant to *Trustee's Objection to Motion for Relief* (Doc. 163) (the "**Trustee's Objection**").  Selene, the Trustee and the Debtor resolved the Motion for Relief and the Trustee's Objection as reflected in the Court's *Consent Order Resolving Motion for Relief* (Doc. 172) (the "**Relief from Stay Consent Order**").

14.     The Relief from Stay Consent Order provides, in part, that "[t]he Trustee shall be entitled to market the [Newport News] Property for sale and sell the [Newport News] Property, subject to Court-approval, and the Trustee's being able to satisfy the Deed of Trust Lien in full at closing." *Relief from Stay Consent Order*, ¶ 5.

15.     The Relief from Stay Consent Order further provides, in part, as follows: "In the event closing on the sale of the [Newport News] Property at which the Deed of Trust Lien is satisfied in full does not take place within one hundred eighty (180) days of the entry of [the

4

Consent] Order (the "**Marketing Period**"), the automatic stay shall be automatically lifted with respect to the Property as to Selene…." *Relief from Stay Consent Order*, ¶ 8.  Notwithstanding, "Selene may grant extensions of the Marketing Period without further Court Order…." *Relief from Stay Consent Order*, ¶ 10.

16.     The Marketing Period is due to expire on August 12, 2026.  On the Trustee's request for an extension, Selene's counsel has advised the Trustee's counsel that Selene has agreed to extend the Marketing Period through September 30, 2026.

17.     The Agent is very familiar with the Newport News Property, having (i) conducted multiple comparative marketing analyses reflecting sales and related information regarding similar properties in similar area neighborhoods; (ii) inspected the Newport News Property; and (iii) obtained, reviewed and analyzed property condition reports and estimates for various repairs.  Significant repairs, replacements and upgrades are required, including, but not limited to, roof, attic, ceiling, windows, flooring and carpeting, sheetrock and HVAC, electrical and plumbing systems.

18.     Based upon the forgoing, the Agent was forced to treat and list the Newport News Property as a "Fixer upper".  The Agent advised the Trustee that the Newport News Property likely would not pass a lender's inspection in connection with an owner-occupied residential buyer's loan application process and that the Newport News Property likely would need to be sold to an investor.

19.     The Agent listed the Property for sale at $309,900 (the "**Listing Price**").

20.     The Agent actively marketed the Newport News Property at the Listing Price.  No offers were received anywhere close to the Listing Price.  The Agent's efforts resulted in five (5) low-ball investor offers ranging from $230,000 to $275,000.  The Trustee entered into

negotiations and submitted counter-offers to several of the offers, none of which resulting in ratified contracts.

21.     The Agent's efforts produced a sixth (6th) offer.  The Trustee submitted a counter-offer resulting in a ratified contract.

**Proposed Sale**

22.     The Trustee has accepted, subject to Court-approval, a $285,000.00 offer submitted by Toan V. Nguyen (the "**Purchaser**") – a third-party purchaser utilizing the services of a purchaser's agent selected by the Purchaser.  (The Purchaser's spouse, Nina U. Nguyen of Fathom Realty, LLC, is serving as the Purchaser's agent.)

23.     A summary of principal terms and conditions of the offer are as follows:

- **Purchase Price:**  $285,000.00.
- **Agent Commissions:** Four percent (4%) to Evelyn C. Wilby of Reliance Realty, Inc.; No commissions to be paid or due to purchaser's agent.[3]
- **Conditions:**  Subject to financing and Court approval.
- **Inspection/Property Condition:** No inspection. "AS IS" sale.  No repairs.
- **Title:** Free and clear of liens.  Conveyance by Special Warranty Deed.
- **Settlement:**  On or before the later of (i) September 9, 2026 or (ii) within five (5) days of entry of Court's Order approving sale.

The offer is evidenced by and embodied in that certain Real Estate Information Network, Inc. Standard Purchase Agreement plus such exhibits, attachments, amendments and addenda as may be applicable (collectively, the "**Contract**"), all as attached hereto and incorporated herein as **Exhibit "C"**.

24.     Based upon the Trustee's preliminary estimates and current assumptions, the Trustee estimates the net proceeds from the sale of the Newport News Property to be in the $102,000-range (the "**Estimated Net Proceeds**") computed as follows:

---

[3] Typically, a purchaser's agent in this type of transaction would receive a 2% - 3% commission on a $285,000 purchase price -- $5,700 - $8,550.  With zero commissions to be paid to a purchaser's agent, the effective purchase price is increased to $290,700 - $293,550.

| | |
|---|---:|
| Gross Proceeds | $285,000.00 |
| Less Estimated Deed of Trust Payoff | (165,000.00) |
| Less Real Estate Commissions | |
| ($285,000.00 x 4% = $11,400.00) | (11,400.00) |
| Less Allocated Trustee Attorney Fees Related to Sale | (5,000.00) |
| Less Estimated Miscellaneous Closing Costs/Expenses | (1,600.00) |
| **Estimated Net Proceeds** | **$102,000.00** |

25.     Applying the Supplemental Order, assuming and utilizing Estimated Net Proceeds in the amount of $102,000 and for purposes of illustration, Estimated Net Proceeds would be split/allocated between Ms. Pittman and the Estate as follows:

| | **Ms. Pittman** | **Estate** |
|---|---:|---:|
| Initial 50-50 Split/Allocation of Net Proceeds | $51,000.00 | $51,000.00 |
| Monetary Award Due Debtor | (49,435.85) | 49,435.85 |
| Attorney's Fees Due Ms. Pittman | 1,312.50 | (1,312.50) |
| Contempt Judgment | 10,500.00 | (10,500.00) |
| **Estimated Split/Allocation of Net Proceeds** | **$13,376.65** | **$88,623.35** |

26.     Pursuant to Va. Code § 34-4 in effect as of the Petition Date, the Debtor is entitled to a $25,000 exemption claim against the Newport News Property (the "**Newport News Property Exemption**").  Absent a different arrangement consented to by the Debtor, the Trustee shall satisfy in full the Newport News Property Exemption from the Estate's split/allocation of net sale proceeds.

**Basis for Relief**

27.     Section 363(b)(1) of the Code provides that the "trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."

28.     In determining whether or not to approve a trustee's request to sell property of the estate, the courts look to whether the trustee's business judgment to sell the property is sound. See *In Re WBQ Ptnr.*, 189 B.R. 97 (Bankr. E.D. Va. 1995).

29.     The Listing Price was set with advice and consultation of the Trustee's experienced, Court-approved real estate agent and after the Agent (i) conducted multiple comparative marketing analyses; (ii) inspected the Newport News Property; and (iii) obtained, reviewed and analyzed property condition reports and repair estimates.

30.     The Newport News Property was listed in MLS and actively marketed.  Prior to accepting the Contract, the Trustee received five (5) lower written offers.  The Trustee countered several of the offers, none of which resulting in a ratified contract.

31.     The Contract results from market-driven negotiations between the Trustee and the Purchaser.  The Contract is presented at time when the Marketing Period afforded by the Relief from Stay Order is soon to expire.

32.     Sale of the Newport News Property pursuant to the Contract will produce sufficient proceeds to satisfy in full the following: (i) the Deed of Trust Lien and other possible liens[4]; (ii) all sale-related expenses and closing costs, including agent commissions; (iii) all amounts due Ms. Pittman from and relating to the sale of the Newport News Property pursuant to the split/allocation of net proceeds as set forth in this motion; (iv) the Debtor's Newport News Property Exemption; and (iv) all administrative costs in the case.

33.     Further, sale of the Newport News Property pursuant to the Contract will allow for the payment of a meaningful distribution to general unsecured creditors in the case.

34.     The Trustee believes that sale of the Newport News Property pursuant to the Contract maximizes and quantifies value to the Estate, alleviates risk, is in the best interests of

---

[4] The Trustee has been advised that the Newport News Property may be subject to a homeowners' association – the Deer Run Homes Association ("**Deer Run**"), a past due invoice in the amount of $759.32 (plus interest) and a lien against the Newport News Property (the "**Possible HOA Lien**").  The Trustee is conducting due diligence to determine whether the Newport News Property is in fact subject to this association and whether the past due invoice constitutes a lien against the Newport News Property.  If so, the invoice will be satisfied in full at closing.

the Estate and the Debtor's creditors and is based upon the Trustee's sound and reasonable business judgment.

35.     Section 363(f) of the Code provides as follows:

The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if—

(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
(2) such entity consents;
(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
(4) such interest is in a bona fide dispute; or
(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

36.     Based upon the Debtor's Schedules, creditor proofs of claim and the Trustee's investigative and due diligence efforts in the case, the Trustee believes that the Newport News Property is subject only to the following liens and interests (i) the Deed of Trust Lien; (ii) the interest of Ms. Pittman in the Newport News Property; and (iii) the Debtor's Newport News Property Exemption and, (iv) in the case of Deer Run, the Possible HOA Lien.

37.     At closing, the Deed of Trust Lien, the interests of Ms. Pittman and the Debtor's Newport News Property Exemption will be satisfied in full as provided herein.  To the extent the Possible HOA Lien does in fact constitute a lien, Deer Run will be satisfied in full.

38.     The Deed of Trust Lien and any lien held by Deer Run against the Newport News Property will be satisfied in full at closing.  Accordingly, § 363(f)(3) of the Code will be satisfied as to Selene and Deer Run.  Further, Selene has consented to an extension of the Marketing Deadline satisfying § 363(f)(2) of the Code.

39.     Ms. Pittman is deemed to have consented to the sale of the Newport News Property and the transactions contemplated in this motion, including the split/allocation of net proceeds, by virtue of her seeking and obtaining the Divorce Relief from Stay Order and the

orders from the Maryland Divorce Court providing for the sale of the Newport News Property and the split/allocation of net proceeds.  Accordingly, § 363(f)(2) of the Code will be satisfied as to Ms. Pittman.

40.     As previously stated, the Debtor's Newport News Property Exemption will be satisfied in full.

41.     Because one (1) or more conditions of § 363(f) shall be satisfied as to each entity holding a lien against and/or interest in the Newport News Property, the Trustee may sell the Newport News Property free and clear of liens and interests.

42.     The Trustee also requests the Court to (i) to authorize payment of real estate agent commissions of four percent (4%) of the contract price ($285,000.00) for total commissions of $11,400.00 payable to the Agent pursuant to the Employment Order; and (ii) to authorize payment and reimbursement of other normal and customary sale-related expenses and closing costs.

43.     Pursuant to Fed. R. Bankr. P. 2016, the Agent will be representing as follows in the Order to be entered by the Court approving compensation and reimbursement of expenses: (i) that she has received no compensation or reimbursements to date in connection with this case and (ii) that no understanding or agreement exists for the division of fees or compensation between her and any other person or entity other than the members and employees of the brokerage firm where she is employed.

**Procedural Requirements**

44.     Fed. R. Bankr. P. 6004(c) provides that a motion for authority to sell property free and clear of liens or other interests is to be served on all parties who have liens or other interests in the property to be sold.

45.     Collectively, Fed. R. Bankr. P. 2002(a)(2), (c)(1) and (k), 6004(a) and (c), 9006(f) and 9014 and Local Rules 6004-1, 6004-2 and 9013-1 provide further notice requirements. Notice of a private sale is to contain (i) terms and conditions of the private sale, including the name of the purchaser; (ii) a general description of the property being sold, (iii) the time within which objections must be filed; and (iv) the time and date of the scheduled hearing.  Notice is to be served not less than twenty-one (21) days prior to the proposed sale on the debtor and debtor's counsel, the trustee, all creditors and indenture trustees, the United States Trustee and all parties claiming an interest in the property to be sold (all such persons, entities and parties collectively, the "**Parties**") plus three (3) additional days to account for service by mail.  Similarly, Fed. R. Bankr. P. 2002(a)(6) and (c)(2) require twenty-one (21) days' notice to the Parties of the hearing on an application for compensation and reimbursement of expenses, which notice identifies the applicant and amounts requested.

46.     Local Rule 6004-1 provides that a motion for the sale of real property shall contain the legal description of the property sufficient to effect a proper conveyance thereof.  (As previously stated, the Legal Property Description of the Newport News Property is attached hereto as Exhibit "A").

47.     Other than a proposed sale listed on the Court's Negative Notice List, Local Rule 9013-1(H)(2) requires a hearing on motions to sell.

48.     Collectively, Local Rules 9013-1(G)(3)(a)(i) and 9013-1(M)(2) provide that the Parties are to be notified of the hearing date, time and location and the time within which responses or objections may be filed – twenty-one (21) after service (plus three (3) additional days to account for service by mail per Fed. R. Bankr. P. 9006(f)).

49.     This motion has been served on all required and applicable parties -- the Debtor and Debtor's counsel, the Trustee, the United States Trustee, the Purchaser, Purchaser's agent, the Agent and all parties claiming an interest in the Newport News Property – Selene, Ms. Pittman, the Debtor and Deer Run.  Further, required notice has been filed with the Court and served on the Parties as reflected in the Notice of Motion and Intent to Sell Estate Property Free and Clear of Liens, to Pay Commissions and Sale-Related Expenses and for Related and Ancillary Relief; Private Sale Notice; Notice of Period Within Which Objections May Be Filed; and Notice of Hearing (the "**Notice**") attached hereto and incorporated herein as **Exhibit "D"**.

50.     As set forth in the Notice, a hearing has been scheduled to take place on August 21, 2026.

51.     A proposed Order is attached hereto as **Exhibit "E"**.

**Prayer for Relief**

WHEREFORE, the Trustee respectfully requests the Court (i) to authorize the sale of the Newport News Property; (ii) to authorize payment of commissions and sale-related expenses and closing costs; (iii) to grant related and ancillary relief; (iv) to enter an Order approving the sale and related matters in substantially the  form of proposed Order attached hereto as **Exhibit "E"**, which includes waiver of the fourteen (14) day stay otherwise applicable pursuant to Fed. R. Bankr. P. 6004(h); and (v) to grant such other and further relief as the Court shall deem just and proper.

Respectfully submitted,

David R. Ruby, Chapter 7 Trustee

By:     /s/ *David R. Ruby*
        Counsel

12

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of July, 2026, a true and accurate copy of the foregoing Motion, together with exhibits, was served by first class U.S. Mail (postage prepaid), via e-mail or via the Electronic Case Filing (ECF) system, as appropriate and as indicated, on the following parties, being the Debtor and Debtor's counsel, the Trustee, the United States Trustee, the purchaser, purchaser's agent, the Trustee's agent and all parties claiming an interest in the property proposed to be sold, plus those receiving notice by ECF:

Nicholas S. Herron, Esquire*
Office of the U.S. Trustee
Room 625, Federal Building
200 Granby Street
Norfolk, VA 23510
[nicholas.s.herron@usdoj.gov]
[USTPRegion04.NO.ECF@usdoj.gov]

David R. Ruby, Esquire*
*Thompson*McMullan, P.C.
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219
[Trustee]

Ms. Evelyn C. Wilby*
Reliance Realty, Inc.
703 Thimble Shoals Boulevard, C4
Newport News, Virginia 23606
[evelynwilby@gmail.com]
[evelyn@insight4title.com]
[Agent]

Carolyn Anne Bedi, Esquire*
Bedi Legal, P.C.
1305 Executive Blvd., Suite 110
Chesapeake, VA 23320
[Debtor's counsel]

Henry Harold Pittman
105 Larson Court
Newport News, VA 23602
[Debtor]

Tata-Annie Latoya King, Esquire*
Robertson, Anschutz, Schneid, Crane & Partners, PLLC
11350 McCormick Road, EP 1, Suite 302
Hunt Valley, MD 21031
[Counsel for Selene Finance LP, U.S. Bank Trust
National Association, Not In Its
Individual Capacity But Solely As Owner Trustee For
RCAF Acquisition Trust]

Selene Finance LP
3501 Olympus Boulevard, Suite 500
Dallas, TX 75019
[Lienholder]

Daniel M. Press, Esquire*
Chung & Press, P.C.
6718 Whittier Ave. #200
McLean, VA 22101
[Counsel for Felicia L. Norman-Pittman]

Larry N. Burch, Esquire
Houlon, Berman, Finci & Levenstein, LLC
7850 Walker Drive, Suite 160
Greenbelt, Maryland 20770
[Counsel for Felicia L. Norman-Pittman]

Felicia L. Norman-Pittman
24 ROCKINGHAM CT
GERMANTOWN MD 20874
[Co-owner]

Deer Run Homes Association, Inc.
P.O. Box 2015
Newport News, Virginia 23609
[Homeowners' Association – Potential Lienholder]

Deer Run Homes Association
1166 Jamestown Road, Suite B
Williamsburg, VA 23188
[Homeowners' Association – Potential Lienholder]

EMMANUEL MOUHTEROS
126 STRAWBERRY LANE
NEWPORT NEWS, VA, 23602
[President, Deer Run Homes Association]

13

William W Sleeth III, Esquire
5425 Discovery Park Blvd, Suite 200
WILLIAMSBURG, VA 23188-2951
[Registered Agent, Deer Run Homes Association]

/s/ *David R. Ruby*
David R. Ruby

[* Indicates service by ECF or e-mail.  All others served by First Class U.S. Mail, postage prepaid.]

**Exhibit "A" – Legal Property Description**

## LEGAL PROPERTY DESCRIPTION

All that certain lot, piece or parcel of land situate, lying and being in the City of Newport News, Virginia, known and designated as Lot Numbered ELEVEN (11), as shown on that certain plat entitled, "DEER RUN, SECTION TWO, CITY OF NEWPORT NEWS, VIRGINIA", dated February 24, 1992, made by Coenen & Associates, Inc., Engineers-Planners-Surveyors, and duly recorded in the Clerk's Office of the Circuit Court for the City of Newport News, Virginia (the "**Clerk's Office**"), in Deed Book, 1276, page 1168, to which reference is here made.

Subject, however, to any and all restrictions, easements, rights of way, agreements and conditions of record affecting said property.

BEING the same property conveyed to Henry H. Pittman and Felicia L. Pittman, as tenants by the entirety, from Virginia Enterprises, Inc., a Virginia corporation, by Deed dated November 17, 1992, and recorded January 5, 1993, in the Clerk's Office in Deed Book 1302, page 1337. Henry H. Pittman and Felicia L. Pittman (*aka* Felecia Norman-Pittman) were divorced pursuant to Judgment of Absolute Divorce entered August 8, 2023, by the Circuit Court of Montgomery County, Maryland, Case No. 176067-FL.