**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Henry H. Pittman | ) | Case No. 22-50415-SCS |
| | ) | Chapter 7 |
| Debtor. | ) | |

# ORDER APPROVING SALE OF ESTATE PROPERTY FREE AND CLEAR OF LIENS, AUTHORIZING PAYMENT OF COMMISSIONS AND SALE-RELATED EXPENSES AND GRANTING RELATED AND ANCILLARY RELIEF

This matter comes before the Court on the *Trustee's Motion to Sell Estate Property Free and Clear of Liens, to Pay Commissions and Sale-Related Expenses and for Related and Ancillary Relief and Memorandum of Points and Authorities* (Doc. 174) (the "**Motion**")[1] filed with the Court by David R. Ruby, Chapter 7 trustee (the "**Trustee**") for the bankruptcy estate of Henry H. Pittman (the "**Estate**").

The Motion was filed pursuant to §§ 105(a) and 363(b)(1), (f) and (m) of the United States Bankruptcy Code (the "**Code**"), Fed. R. Bankr. P. 2002(a)(2), (c)(1) and (k), 6004(a), (c) and (h) and 9014 and Local Rules 2002-1, 2016-2, 6004-1 and -2 and 9013-1 and also pursuant to § 330 of the Code, Fed. R. Bankr. P. 2002(a)(6) and (c)(2) and 2016 and Local Rule 2016-1(A).

In the Motion, the Trustee requests the Court (i) to approve the sale of residential real property located at 105 Larson Court, Newport News, VA 23602, together with personal property

[1] Capitalized terms used but not otherwise defined in this Order shall have the meanings ascribed to them in the Sale Motion.

Counsel for Chapter 7 Trustee
David R. Ruby, Esquire (VSB# 22703)
*Thompson*McMullan, P. C.
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219
Telephone: (804) 698-6220
Facsimile: (804) 780-1813
Email: druby@t-mlaw.com

and fixtures located on or at the property (collectively, the "**Newport News Property**") to Toan V. Nguyen (the "**Purchaser**") for $285,000.00; (ii) to authorize payment of real estate commissions and other normal and customary sale-related expenses and closing costs; and (iii) for related and ancillary relief, including, but not limited to, authorization to make payments to Felicia L. Pittman (*aka* Felecia Norman-Pittman) ("**Ms. Pittman**"), the Debtor's ex-spouse, pursuant to and consistent with various divorce, property division and equitable distribution orders entered by the Circuit Court for Montgomery County, Maryland (the "**Maryland Divorce Court**").

The Newport News Property is more particularly described within the Legal Property Description attached hereto and incorporated herein as **Exhibit "A"** – also attached as Exhibit "A" to the Motion.

Section 363(b)(1) of the Code provides that a trustee may sell property of the bankruptcy estate after notice and a hearing. The courts have ruled that the trustee may do so based upon the trustee's sound business judgment.

Section 363(f) of the Code provides that a trustee may sell estate property free and clear of an entity's interest in such property under various circumstances.

The Newport News Property is subject to the following liens and interests:

- A first deed of trust lien (the "**Deed of Trust Lien**") held by Selene Finance LP, U.S. Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For RCAF Acquisition Trust ("**Selene**").
- The interests of Ms. Pittman.
- The Debtor's maximum $25,000 exemption claim against the Newport News Property (the "**Newport News Property Exemption**").
- HOA Liens (the "**HOA Liens**") held by Deer Run Homes Association ("**Deer Run**").

At closing, all entities holding liens against and other interests in the Newport News Property – Selene on account of the Deed of Trust Lien, Ms. Pittman on account of her interest in

the Newport News Property, the Debtor on account of the Newport News Property Exemption and Deer Run on account of the HOA Liens – will be satisfied in full.

The Deed of Trust Lien and the HOA Liens will be satisfied in full at closing. Accordingly, § 363(f)(3) of the Code has been satisfied as to Selene and Deer Run. Further, Selene has consented to an extension of the Marketing Deadline satisfying § 363(f)(2) of the Code.

Ms. Pittman, through counsel, has consented to the sale of the Newport News Property and the transactions contemplated in the Motion as evidenced by counsel's endorsement of this Order. Accordingly, § 363(f)(2) of the Code has been satisfied as to Ms. Pittman.

The Debtor's Newport News Property Exemption will be satisfied in full.

Because one (1) or more conditions of § 363(f) shall be satisfied as to each entity holding a lien against and/or interest in the Newport News Property, the Trustee may sell the Newport News Property free and clear of liens and interests.

Fed. R. Bankr. P. 6004(c) provides that a motion for authority to sell property free and clear of liens or other interests is to be served on all parties who have liens or other interests in the property to be sold.

Collectively, Fed. R. Bankr. P. 2002(a)(2), (a)(6), (c)(1) and (k), 6004(a), 9006(f) and 9014 and Local Rules 6004-1, 6004-2 and 9013-1 provide further notice requirements. Notice of a private sale is to contain (i) the terms and conditions of the private sale, including the name of the purchaser; (ii) a general description of the property being sold; (iii) the time within which objections may be filed; and (iv) the time and date of the scheduled hearing.

Notice is to be served not less than twenty-one (21) days prior to the proposed sale on the debtor and debtor's counsel, the trustee, all creditors and indenture trustees, the United States Trustee and all parties claiming an interest in the property to be sold (all such persons, entities and

parties collectively, the "**Parties**") plus three (3) additional days to account for service by mail. Local Rule 6004-1 provides that a motion for the sale of real property shall contain the legal description of the property sufficient to effect a proper conveyance thereof.

Other than a proposed sale listed on the Court's Negative Notice List, Local Rule 9013-1(H)(2) requires a hearing on motions to sell.

Similarly and in addition, Fed. R. Bankr. P. 2002(a)(6) and (c)(2) and 2016 require twenty-one (21) days' notice to the Parties of the hearing on an application for compensation and reimbursement of expenses and certain disclosures and representations in the application and notice, including, but not limited to, identification of the applicants and amounts requested.

Collectively, Local Rules 9013-1(G)(3)(a)(i) and 9013-1(M)(2) provide that the Parties are to be notified of the hearing date, time and location and the time within which responses may be filed – twenty-one (21) after service (plus three (3) additional days to account for service by mail per Fed. R. Bankr. P. 9006(f)).

On July 27, 2026, the Trustee filed the Motion with the Court and served the Motion, together with attached exhibits, on all required and applicable parties -- the Debtor and Debtor's counsel, the Trustee, the United States Trustee, the Purchaser, Purchaser's agent, the Agent and all parties claiming an interest in the Newport News Property. On the same day, the Trustee filed with the Court and served on the Parties a Notice of Motion and Intent to Sell Estate Property Free and Clear of Liens, to Pay Commissions and Sale-Related Expenses and for Related and Ancillary Relief; Private Sale Notice; Notice of Period Within Which Objections May Be Filed; and Notice of Hearing (the "**Notice**"). The Notice contained all required information and notices, including date, time and location of the scheduled hearing and the time within which responses may be filed.

The time-period within which responses may be filed expired on August 20, 2026. No objections were filed.

The Court conducted the scheduled hearing on August 21, 2026. The Trustee appeared and presented the Motion to the Court. Genene E. Gardner, Esquire noted her appearance on behalf of Carolyn Anne Bedi, Esquire, Debtor's counsel.

IT APPEARING that the proposed sale and other relief requested by the Trustee in the Motion are in the best interests of the Estate and the Debtor's creditors and are based upon the Trustee's sound and reasonable business judgment;

IT APPEARING that the statutory requirements of §§ 330 and 363(b)(1), (f) and (m) of the Code, as well as notice and other requirements of applicable federal and local bankruptcy rules, including, but not limited to, Fed. R. Bankr. P. 2002, 2016, 6004, 9006 and 9014 and Local Rules 2002-1, 2016-1(A), 2016-2, 6004-1 and -2 and 9013-1, have been satisfied;

UPON the representations of the Agent -- Evelyn C. Wilby, the Trustee's Court-authorized real estate agent -- and as evidenced by her signature to this Order, (i) that she has received no compensation or reimbursements to date in connection with this case and (ii) that no understanding or agreement exists for the division of fees or compensation between her and any other person or entity other than the members and employees of the brokerage firm where she is employed; and

UPON DUE CONSIDERATION OF THE MOTION AND FOR GOOD CAUSE SHOWN;

THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1. Capitalized terms used in this Order that are not otherwise defined in the Order shall have the same meanings as ascribed to them in the Motion.

2. The statutory bases and requirements for the relief requested in the Motion, as well as requirements of applicable federal and local bankruptcy rules, have been satisfied.

3. All required and applicable parties have been served with the Motion and Notice pursuant to applicable provisions of the Code and federal and local bankruptcy rules, such notice is deemed sufficient, and no further notice is required. No objections have been filed to the relief requested.

4. The proposed sale of the Newport News Property to the Purchaser is deemed to be in the best interests of the Estate and the Debtor's creditors and is based upon the Trustee's sound and reasonable business judgment and is hereby approved.

5. The Motion and the Contract are hereby approved in all respects.

6. The Trustee is hereby authorized (i) to sell, transfer and convey the Newport News Property to the Purchaser pursuant to the Contract; (ii) to amend, modify and/or make changes to the Contract in such manner as the Trustee shall deem necessary or appropriate in his reasonable business judgment and in the interests of the Estate to consummate or facilitate the sale of the Newport News Property; (iii) to evidence the sale by having prepared, executing and delivering to the Purchaser a Special Warranty Deed; and (iv) to take such other action and to have prepared, execute and deliver such other usual and customary documents and instruments as he shall deem necessary or appropriate to evidence, give effect to or consummate the sale of the Newport News Property to the Purchaser, including, but not limited to, a settlement statement and other closing documents.

7. Ms. Pittman is hereby ordered and directed (i) to join in with the Trustee in the execution and delivery of a Special Warranty Deed in selling, transferring and conveying her interest in the Newport News Property to the Purchaser and (ii) to take such other and further

action and to execute and deliver such other usual and customary documents and instruments as the Trustee shall reasonably request to evidence, give effect to or consummate the sale of the Newport News Property to the Purchaser.

8. The Debtor is hereby ordered and directed to vacate the Newport News Property, including all of his personal property, no later than Monday, August 31, 2026 at 5:00 p.m. and leave the Newport News Property in broom-clean condition.

9. At closing and as part of the closing process, the Trustee is hereby authorized and directed to satisfy or cause to be satisfied in full Selene on account of the Deed of Trust Lien and Deer Run on account of the HOA Liens. The Trustee is hereby further authorized to pay (i) real estate agent commissions on the sale of the Newport News Property, totaling four percent (4%) of the contract price ($285,000.00) = $11,400.00, payable to the Agent pursuant to the Employment Order; and (ii) other normal and customary sale-related expenses and closing costs.

10. At closing and as part of the closing process, the Trustee is hereby authorized and directed to satisfy or cause to be satisfied from net proceeds[2] Ms. Pittman on account of her interest in the Newport News Property according to the following split, allocations, adjustments and formula:

- Net proceeds to be split/allocated 50-50 between the Estate and Ms. Pittman.
- Ms. Pittman's share of net proceeds to be reduced by $49,435.85 monetary award for the Estate's share of the value of the residential real property located at 24 Rockingham Court, Germantown, MD.
- Ms. Pittman's share of net proceeds to be increased by $1,312.50 attorney's fee award.

[2] In calculating net proceeds pursuant to the Supplemental Order, the Trustee's "reasonable attorney fees incurred by the Trustee in relation to the sale" are to be included. The Trustee has agreed to cap the attorney fees component for purposes of calculating the net proceeds at $5,000. Payment of attorney fees shall be subject to future fee application, applicable bankruptcy law and further Order of this Court.

- Ms. Pittman's share of net proceeds to be increased by $10,500.00 Contempt Judgment.

11. The Trustee is hereby authorized and directed to satisfy or cause to be satisfied the Debtor on account of the Newport News Exemption.

12. The Newport News Property shall be sold free and clear of all liens, interests and encumbrances, with all such liens, interests and encumbrances to attach to sale proceeds.

13. The Purchaser shall be deemed to be a good faith purchaser of the Newport News Property pursuant to § 363(m) of the Code.

14. The Trustee is hereby authorized and directed to place the net sale proceeds due the Estate from net proceeds in the Estate's bank account established by the Trustee in this case subject to the Court's future determination as to the disposition and distribution of such proceeds.

15. The fourteen (14)-day stay otherwise applicable pursuant to Fed. R. Bankr. P. 6004(h) is hereby waived.

16. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Date: Aug 24 2026

/s/ Stephen C St-John
Judge
United States Bankruptcy Court
for the Eastern District of Virginia

Entered on Docket: Aug 24 2026

WE ASK FOR THIS:

David R. Ruby, Chapter 7 Trustee

By: /s/ *David R. Ruby*
Counsel

CONFIRMATION OF REPRESENTATIONS:

DocuSigned by:
Evelyn Wilby
D9082F4C968B43D...
Evelyn C. Wilby

Evelyn C. Wilby
Associate Broker
Reliance Realty, Inc.
703 Thimble Shoals Boulevard, C4
Newport News, Virginia 23606
Cell: 757-715-1717
Email: evelynwilby@gmail.com

**SEEN AND NO OBJECTION:**

Office of the United States Trustee

By: /s/ *Nicholas S. Herron* (permission to affix electronic signature granted by email 08-18-26)
Nicholas S. Herron
Trial Attorney

Office of the United States Trustee
Room 625, Federal Building
200 Granby Street
Norfolk, Virginia 23510

**SEEN AND AGREED:**

Selene Finance LP, U.S. Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For RCAF Acquisition Trust

By: /s/ *Tata-Annie Latoya King* (permission to affix electronic signature granted by email 08-19-26)
Counsel

Tata-Annie Latoya King, Esquire (VSB No. 100892)
Robertson, Anschutz, Schneid, Crane & Partners, PLLC
11350 McCormick Road, EP 1, Suite 302
Hunt Valley, MD 21031
Phone: 561-241-6901, ext. 52327
Email: taking@raslg.com

*Counsel for Selene Finance LP*

**SEEN AND AGREED:**

Felicia L. Norman-Pittman

By: /s/ *Daniel M. Press* (permission to affix electronic signature granted by email 08-21-26)
Counsel

Larry N. Burch, Esquire
Houlon, Berman, Finci & Levenstein, LLC
7850 Walker Drive, Suite 160
Greenbelt, Maryland 20770
Telephone: (301) 459-8200
Telefax: (301) 459-5721
Email: Larry@HoulonBerman.com

Daniel M. Press, Esquire (VSB # 37123)
Law Offices of Daniel M. Press
201 Washington Street
Cumberland, MD 21502
Mobile: 703-725-7600
Email: dan@danpress.us

*Counsel for Felicia L. Norman-Pittman*

**<u>Certification of Compliance with Local Rule 9022-1(C)</u>**

Pursuant to Local Rule 9022-1(C), I hereby certify that the foregoing Order has been served on and/or signed by all necessary parties.

/s/ *David R. Ruby*
David R. Ruby

**PARTIES TO RECEIVE COPIES**

Nicholas S. Herron, Esquire
Office of the U.S. Trustee
Room 625, Federal Building
200 Granby Street
Norfolk, VA 23510

David R. Ruby, Esquire
*Thompson*McMullan, P.C.
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219

Ms. Evelyn C. Wilby
Reliance Realty, Inc.
703 Thimble Shoals Boulevard, C4
Newport News, Virginia 23606

Carolyn Anne Bedi, Esquire
Bedi Legal, P.C.
1305 Executive Blvd., Suite 110
Chesapeake, VA 23320

Henry Harold Pittman
105 Larson Court
Newport News, VA 23602

Tata-Annie Latoya King, Esquire
Robertson, Anschutz, Schneid, Crane & Partners, PLLC
11350 McCormick Road, EP 1, Suite 302
Hunt Valley, MD 21031

Selene Finance LP
3501 Olympus Boulevard, Suite 500
Dallas, TX 75019

Daniel M. Press, Esquire
Law Offices of Daniel M. Press
201 Washington Street
Cumberland, MD 21502

Larry N. Burch, Esquire
Houlon, Berman, Finci & Levenstein, LLC
7850 Walker Drive, Suite 160
Greenbelt, Maryland 20770

Felicia L. Norman-Pittman
24 ROCKINGHAM CT
GERMANTOWN MD 20874

Deer Run Homes Association, Inc.
P.O. Box 2015
Newport News, Virginia 23609

Deer Run Homes Association
1166 Jamestown Road, Suite B
Williamsburg, VA 23188

EMMANUEL MOUHTEROS
126 STRAWBERRY LANE
NEWPORT NEWS, VA, 23602

William W Sleeth III, Esquire
5425 Discovery Park Blvd, Suite 200
WILLIAMSBURG, VA 23188-2951

**Exhibit "A" – Legal Property Description**

## LEGAL PROPERTY DESCRIPTION

All that certain lot, piece or parcel of land situate, lying and being in the City of Newport News, Virginia, known and designated as Lot Numbered ELEVEN (11), as shown on that certain plat entitled, "DEER RUN, SECTION TWO, CITY OF NEWPORT NEWS, VIRGINIA", dated February 24, 1992, made by Coenen & Associates, Inc., Engineers-Planners-Surveyors, and duly recorded in the Clerk's Office of the Circuit Court for the City of Newport News, Virginia (the "**Clerk's Office**"), in Deed Book, 1276, page 1168, to which reference is here made.

Subject, however, to any and all restrictions, easements, rights of way, agreements and conditions of record affecting said property.

BEING the same property conveyed to Henry H. Pittman and Felicia L. Pittman, as tenants by the entirety, from Virginia Enterprises, Inc., a Virginia corporation, by Deed dated November 17, 1992, and recorded January 5, 1993, in the Clerk's Office in Deed Book 1302, page 1337. Henry H. Pittman and Felicia L. Pittman (*aka* Felecia Norman-Pittman) were divorced pursuant to Judgment of Absolute Divorce entered August 8, 2023, by the Circuit Court of Montgomery County, Maryland, Case No. 176067-FL.